UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

ASHLEY VAUGHT,

       Plaintiff,                                 CASE NO.

vs.                                             JURY TRIAL DEMANDED

STELLAR RECOVERY, INC.,

       Defendant.
_____/

## COMPLAINT

Plaintiff, ASHLEY VAUGHT ("Plaintiff"), alleges the following Complaint against Defendant, STELLAR RECOVERY, INC. ("Defendant"):

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

3. Defendant is a debt collector with its principal place of business in Florida. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and a debt collector under the FDCPA.

5. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (561-XXX-0004), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA and FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a consumer debt with Comcast, which Defendant was attempting to collect (hereinafter "Subject Debt").

9. The Subject Debt is considered a "consumer debt" as defined by the FDCPA & FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

10. At some point in or around August, 2016, Defendant began a campaign of harassing and abusive efforts to collect the Subject Debt allegedly owed by Plaintiff.

11. As part of its efforts to collect the debt, Defendant began a campaign of calling Plaintiff's cellular phone numerous times.

12. Defendant's calls placed to Plaintiff's cell phone had a pre-recorded message in the beginning, which stated "if you do not want to receive these calls anymore, please press one" (or something similar to this effect).

13. On numerous occasions, Plaintiff, did indeed, press the number in an attempt to opt of these automated calls because she does not believe she owes the Subject Debt.

14. Despite trying to opt out of these automated calls, Defendant continued to place automated calls to her cell phone in an attempt to collect the Subject Debt.

15. Further, on September 22, 2016, at approximately 11:18 a.m., Defendant placed a call to Plaintiff's cell phone in an attempt to collect the Subject Debt. Plaintiff informed Defendant that she did not owe the debt and requested Defendant to stop calling her cell phone.

16. Despite Plaintiff's request, Defendant autodialed Plaintiff's cell phone in an attempt to collect the Subject Debt on the following dates and times:

   a. 9/23/16 at 8:22 a.m.
   b. 9/26/16 at 9:23 a.m.
   c. 9/27/16 at 2:58 p.m.
   d. 9/28/16 at 8:09 a.m.
   e. 9/30/16 at 8:30 a.m.
   f. 10/3/16 at 11:30 a.m.
   g. 10/4/16 at 8:08 a.m.
   h. 10/5/16 at 8:19 a.m.

17. On October 5, 2016, at approximately 8:36 a.m., Defendant placed a call to Plaintiff's cell phone in an attempt to collect the Subject Debt. Plaintiff informed Defendant that she did not owe the debt and requested Defendant to stop calling her cell phone.

18. Defendant, again, refused to honor Plaintiff's verbal cease and desist and continued to place automated calls to Plaintiff's cell phone in an attempt to collect the Subject Debt on the following dates and times:

      a. 10/6/16 at 8:55 a.m.

      b. 10/10/16 at 1:42 p.m.

      c. 10/11/16 at 8:17 a.m.

      d. 10/12/16 at 8:48 a.m.

      e. 10/13/16 at 9:00 a.m.

      f. 10/14/16 at 8:53 a.m.

19. Finally, on October 17, 2016, Defendant autodialed Plaintiff's cell phone and attempted collecting the Subject Debt. Plaintiff requested Defendant to stop calling because she did not owe the debt.

20. Defendant routinely used an automatic telephone dialing system ("ATDS") to call Plaintiff on her cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling her cellular phone.

21. Further, Defendant has a corporate policy to use an ATDS and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

22. Despite Plaintiff informing the Defendant for her reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

23. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff. Defendant's conduct has caused Plaintiff significant anxiety, emotional distress, frustration, and anger.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

25. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

26. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

28. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

29. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. 1692 § *et seq.*

30. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though stated fully herein.

31. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §§ 1692b(3), 1692d, 1692d(5),  and 1692e(2)(A).

32. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

33. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7):  Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

-7-

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s *Jon P. Dubbeld*_____
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, Florida 33713
(727) 344-0123(office)
*Attorneys for Plaintiff*